UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-CV-24562-JAL

AISHA PETERSEN,

    Plaintiff,

vs.

1-800-FLOWERS.COM, INC.

    Defendant.

_____/

## JOINT MOTION FOR ENTRY OF CONSENT DECREE

Plaintiff, AISHA PETERSEN ("Plaintiff"), and Defendant, 1-800-FLOWERS, INC. ("Defendant"), by and through their undersigned counsel, jointly move for entry of a consent decree, and in support, state as follows:

**I.  Background**

Plaintiff asserts a single claim in this action for alleged barriers to access under Title III of the ADA.  Since the inception of this case, both Plaintiff and Defendant have had the opportunity to assess the App.

To avoid continued litigation, to provide the parties with some degree of certainty as to what steps Defendant should take to increase accessibility of the App given the various changing standards, and to provide an effective mechanism for addressing any maintenance issues that may arise without the need for future litigation, the parties request entry of the consent decree attached hereto as Exhibit A.

CASE NO. 1:20-CV-24562-JAL

If approved and entered by the Court, the proposed consent decree provides clear directives as to what compliance measures are required. This, in turn, furthers the purposes of the ADA (by providing barrier removal) while avoiding unnecessary litigation. The parties have separately resolved the issue of attorneys and expert fees and costs.

As an alternative to entry of the consent decree, the parties request that the court approve the proposed remedial plan as a condition of the dismissal of this matter.

Both parties were represented by counsel in the development of this plan, and both parties had the opportunity to evaluate the accessibility-related issues on the App. The remediation plan, which is below, represents a good faith determination of the steps needed to make the App more usable and informative to disabled patrons. The following courts within the Southern District of Florida are a sampling of courts which have approved and adopted nearly identical consent decrees, having found that that the proposed remediation plan is appropriate and proper under the ADA: 19-CV-80529 DMM, 19-cv-22390-FAM, 19-CV-61969-RS 19-80841-RS, 19-CV-60259-DPG, 18-CV-25197, 19-CV-60428-BB, 17-CV-61265-BB, 18-CV-80467-BB, 19-CIV-61254-RAR, 19-CV-61582-MGC. Entry of the proposed consent decree not only offers a fair, reasonable, and appropriate resolution to the Plaintiff, but it also avoids unnecessary and duplicative copycat lawsuits alleging the same barriers to website access being corrected through the proposed consent decree. *Haynes v. Outback Steakhouse of Fla.,* No. 0:17-CV-60851-MIDDLEBROOKS, 2017 U.S. Dist. LEXIS 189924 (S.D. Fla. Aug. 17, 2017) (prior judgment in Title III web access case moots second case); *Envtl. Conservation Org. v. City of Dall.,* 529 F.3d 519 (5th Cir. 2008) (in cases like this one, where only injunctive relief is available, consent decree in prior case moots second case). In this way, the proposed consent decree also furthers the important goal of judicial

economy and the purposes of the Federal Rules of Civil Procedure as set forth in Fed. R. Civ. P. 1.

## II. The Proposed Remediation Plan

The parties propose that, within the next 24 months, Defendant will engage in the following multi-step accessibility plan:

a. Within twelve (12) months from the Effective Date, Defendant shall include an Accessibility Notice on its App and Website, providing contact information disabled patrons or users may use to obtain information or services they require from Defendant or the App.

b. Within thirty (30) months of the Effective Date, the Defendant shall use Reasonable Efforts to ensure that the App substantially conforms to the Web Content Accessibility Guidelines 2.1, using the Level AA Success Criteria ("WCAG 2.1 AA"), or to any other standard subsequently advanced to W3C Recommendation or established by law or regulation, in such a manner so that the App will be accessible to persons with disabilities as set forth herein. Once the App is brought up to this standard, Defendant shall also use Reasonable Efforts to maintain the App according to the standard set forth in this Paragraph both during and subsequent to the thirty (30) month period set forth in this Paragraph.

c. Defendant shall not be responsible for ensuring that third party content or plug-ins that are not owned by Defendant, but are otherwise located on the App or linked to/from the App, are accessible or otherwise substantially conform to

WCAG 2.1 AA or any other standard subsequently advanced to W3C Recommendation or established by law or regulation.

d.  Defendant shall use Reasonable Efforts to facilitate the App's operability with Apple's screen reader software. The remediation specified above shall be sufficient to ensure the App's operability with Apple's screen reader software.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement and remediation plan during negotiations. All Parties were counseled and represented by their respective attorneys and any relevant experts they sought to confer with, and they believe it is reasonable and appropriate.

### III.  Conclusion

The Parties jointly request that this Court approve the Parties' remediation plan and request that the Court enter a consent decree, as attached hereto, adopting and ordering the implementation of the remediation plan.

Respectfully submitted,

By: *s/Acacia Barros*
Acacia Barros, Esq. (106277)
ACACIA BARROS, P.A.
E-mail: *ab@barroslawfirm.com*
11120 N. Kendall Drive, Suite 201
Miami, FL 33176
Telephone: (305) 639-8381

*Counsel for Plaintiff*

By: *s/Edwin Cruz*
Mendy Halberstam, Esq. (68999)
E-mail: *mendy.halberstam@jacksonlewis.com*
Edwin Cruz, Esq. (55579)
E-mail:*edwin.cruz@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, FL 33131
Telephone: (305) 577-7600

*Counsel for Defendant*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 28, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

s/Edwin Cruz
Edwin Cruz, Esq.